**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

QOSOUND IP INNOVATIONS, LLC,

   *Plaintiff,*

v.

SAMSUNG ELECTRONICS CO., LTD.,
and SAMSUNG ELECTRONICS
AMERICA, INC.,

   *Defendants.*

**CIVIL ACTION NO. 2:26-cv-00390**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff QoSound IP Innovations, LLC ("QoSound" or "Plaintiff") brings this action against Samsung Electronics Co., Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung America") (collectively, "Samsung" or "Defendants") and alleges as follows:

## NATURE OF THE ACTION

2. This is a civil action for infringement of U.S. Patent Nos. 9,208,766 (the "'766 Patent"), 9,208,767 (the "'767 Patent"), 9,299,333 (the "'333 Patent"), 9,437,203 (the "'203 Patent"), and 9,934,791 (the "'791 Patent") (collectively, the "Asserted Patents"), arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 *et seq*.

3. The Asserted Patents disclose and claim computer program products, methods, and systems that improve the perceived quality of audio and speech reproduced on consumer electronics operating in noisy environments, and that adaptively manage voice-decoder behavior to improve the quality of speech reproduced from cellular voice calls subject to transmission errors.

1

4.      Samsung makes, uses, sells, offers to sell, and imports a wide range of consumer electronics — including smartphones, earbuds, smart televisions, and soundbars — that infringe one or more claims of the Asserted Patents. QoSound brings this action to recover damages for Samsung's infringement.

## THE PARTIES

5.      Plaintiff QoSound IP Innovations, LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 4802 Parkview Place, Austin, Texas 78731. QoSound is the owner of the Asserted Patents and has the sole and exclusive right to enforce them. QoSound's patent portfolio is directed to audio enhancement and signal processing technologies for improving voice-call quality and audio playback.

6.      QoSound is the successor-in-interest to QoSound, Inc., the original assignee of each of the Asserted Patents, and acquired all rights, title, and interest in and to the Asserted Patents, including the right to sue and recover damages for past, present, and future infringement, by valid written assignment(s).

7.      On information and belief, Defendant Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located at 129 Samsung-ro, Yeongtong-gu, Suwon, Gyeonggi-do, Korea. Samsung Electronics is a multinational electronics company that, directly and through its subsidiaries (including Samsung America), designs, develops, manufactures, markets, sells, and distributes consumer electronics products throughout the world, including in the United States. The Republic of Korea is a signatory to the Hague Service Convention, and Samsung Electronics may be served through the Central Authority in that country.

8. Defendant Samsung America is a company organized under the laws of the State of New York. Defendant Samsung America does business in the State of Texas as a registered foreign for-profit corporation (Texas Taxpayer Number 11329511536) with an active registration with the Texas Secretary of State as of June 10, 1996, and a principal place of business at 6625 Excellence Way, Plano, Texas 75023. Defendant Samsung America may be served with process through its registered agent, the CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. On information and belief, Samsung Electronics directs and coordinates the design, development, manufacture, importation, and sale of the Accused Products in the United States, and Samsung America imports, distributes, sells, and offers to sell the Accused Products in the United States, including in this District.

10. Samsung makes, uses, sells, and offers to sell in the United States, and imports into the United States, products that infringe one or more claims of the Asserted Patents (the "Accused Products").

11. Defendants are properly joined under 35 U.S.C. § 299(a)(2) because the asserted right to relief arises out of the same series of transactions or occurrences relating to the making, using, importing into, offering for sale, or selling of the same Accused Products, and questions of fact common to both Defendants will arise in the action.

12. QoSound and any prior owners of the Asserted Patents have complied with the marking and notice requirements of 35 U.S.C. § 287, to the extent any such requirements apply. On information and belief, no products of QoSound or any prior owner of the Asserted Patents practice the Asserted Patents such that marking would be required, and in any event QoSound

provides constructive notice of the Asserted Patents through this Complaint and through publication of its patent rights.

## JURISDICTION AND VENUE

13.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.     Samsung Electronics and Samsung America are each subject to this Court's general and/or specific jurisdiction pursuant to due process and the Texas Long Arm Statute. Without limitation, both Defendants (directly and through subsidiaries, affiliates, agents, distributors, and retailers) have committed acts of infringement in this District by offering to sell and selling the Accused Products. Samsung America also operates a corporate office at 6625 Excellence Way, Plano, Texas 75023, and an Experience Store at the Stonebriar Centre, 2601 Preston Road, Frisco, Texas 75034, and the Accused Products are offered for sale at numerous additional retail locations throughout this District. For example, Samsung goods and services are offered for sale at locations within this judicial district, including but not limited to: 3580 Preston Rd #100, Frisco, TX 75034, 2800 N Central Expy, Plano, TX 75074, 3333 Preston Rd Suite 200, Frisco, TX 75034, 190 E Stacy Rd Bldg 3000, Allen, TX 75002, 6001 Central Expy, Plano, TX 75023, 1700 Dallas Pkwy, Plano, TX 75093, 1800 S Loop 288 Ste 102 Bldg 1, Denton, TX 76205, 2515 W University Dr, Denton, TX 76201, 1732 S Loop 288 #130, Denton, TX 76205, 2850 W University Dr, Denton, TX 76201, 1805 S Loop 288, Denton, TX 76205.

15.     Samsung Electronics and Samsung America have each purposefully availed themselves of the privileges of conducting business within the State of Texas by, among other things, placing the Accused Products into established U.S. distribution channels with the expectation that they will be sold throughout the United States, including in this District; regularly

transacting and soliciting business in this District; and deriving substantial revenue from goods and services provided in this District.

16.    Personal jurisdiction exists over Samsung America because it has maintained substantial corporate offices in this District since 2019, including the office located at 6625 Excellence Way, Plano, Texas 75023.

17.    The Accused Products are sold in this District at numerous well-known retail outlets, including Target, Wal-Mart, Costco, Best Buy, and Sam's Club.

18.    On information and belief, Samsung America owns and operates Samsung.com, an internet website for placing orders to purchase Samsung products, including Accused Products, said website being accessible to buyers in the State of Texas and this District.

19.    Venue is proper in this District as to Samsung America under 28 U.S.C. § 1400(b) because Samsung America has a regular and established place of business in this District — including its corporate office at 6625 Excellence Way, Plano, Texas 75023, and its Experience Store at the Stonebriar Centre, 2601 Preston Road, Frisco, Texas 75034 — and has committed acts of infringement in this District. Samsung America has continuously maintained these physical, established places of business in this District, where Samsung America's employees work and where Samsung America conducts ongoing business operations. Venue is proper in this District as to Samsung Electronics under 28 U.S.C. § 1391(c)(3) because Samsung Electronics is not a resident of the United States and may be sued in any judicial district.

## THE ASSERTED PATENTS

20.    The USPTO duly issued the '766 Patent, titled "Computer Program Product For Adaptive Audio Signal Shaping for Improved Playback in A Noisy Environment," on December 8, 2015. QoSound is the owner, by assignment, of all rights, title, and interest in the '766 Patent,

with the full and exclusive right to bring suit to enforce the '766 Patent, including the right to recover for past infringement. A true and accurate copy of the '766 Patent is attached as **Exhibit A.**

21.     The USPTO duly issued the '767 Patent, titled "Method For Adaptive Audio Signal Shaping for Improved Playback in a Noisy Environment," on December 8, 2015. QoSound is the owner, by assignment, of all rights, title, and interest in the '767 Patent, with the full and exclusive right to bring suit to enforce the '767 Patent, including the right to recover for past infringement. A true and accurate copy of the '767 Patent is attached as **Exhibit B.**

22.     The USPTO duly issued the '333 Patent, titled "System for Adaptive Audio Signal Shaping for Improved Playback in a Noisy Environment," on March 26, 2016. QoSound is the owner, by assignment, of all rights, title, and interest in the '333 Patent, with the full and exclusive right to bring suit to enforce the '333 Patent, including the right to recover for past infringement. A true and accurate copy of the '333 Patent is attached as **Exhibit C.**

23.     The USPTO duly issued the '203 Patent, titled "Error Concealment for Speech Decoder," on September 6, 2016. QoSound is the owner, by assignment, of all rights, title, and interest in the '203 Patent, with the full and exclusive right to bring suit to enforce the '203 Patent, including the right to recover for past infringement. A true and accurate copy of the '203 Patent is attached as **Exhibit D.**

24.     The USPTO duly issued the '791 Patent, titled "Noise Suppressor," on April 3, 2018. QoSound is the owner, by assignment, of all rights, title, and interest in the '791 Patent, with the full and exclusive right to bring suit to enforce the '791 Patent, including the right to recover for past infringement. A true and accurate copy of the '791 Patent is attached as **Exhibit E.**

## BACKGROUND FACTS

25.    Mobile phones, portable audio playback devices, smart televisions, and similar consumer electronics are routinely used in environments where ambient noise (in cars, busy streets, crowded spaces, and the like) interferes with the listener's ability to clearly hear the audio reproduced by the device.

26.    Human listeners require the audio signal of interest to exceed surrounding ambient noise by a sufficient margin to remain intelligible and comfortable to listen to. As ambient noise increases, the audio signal must be enhanced or modified to maintain the listener's perceived quality of experience.

27.    Conventional consumer electronics have generally been designed assuming the listener is in a relatively quiet environment. Real-world conditions frequently fail to meet that assumption, and a listener's perceived quality of experience can deteriorate significantly when ambient noise levels rise.

28.    The Asserted Patents recognized the need for improved methods, systems, and computer program products capable of improving the perceived quality of audio and speech reproduced in noisy environments.  Simply turning up the  playback volume is a poor solution to the problem.

29.    A listener's perceived quality of experience during a voice call depends on numerous factors that are generally not within the listener's control, including the quality of the wireless link and the level of ambient noise. Live voice conversations require very low end-to-end (mouth-to-ear) latency. Industry practice has been for the speech decoder in a typical mobile-phone system to decode each received speech frame immediately upon receipt so that the reconstructed speech can be played out with little or no perceived delay.

30.     Error concealment is a commonly used technique for masking the audible effect of speech frames that are lost or corrupted during transmission. Historically there has been a trade-off between the need to minimize end-to-end latency and sophisticated error-concealment techniques because there is little time available to perform such techniques after a frame is lost or corrupted.

31.     Conventional noise-suppression techniques have generally relied on manipulating speech signals in the frequency domain (e.g., by spectrum subtraction). Frequency-domain methods require conversion from the time domain to the frequency domain and back, which adds computational complexity and processing delay and can introduce spectrum distortion that significantly degrades the audio quality of reconstructed speech.

32.     The Asserted Patents recognized the need for improved noise-suppression and audio-enhancement techniques.

33.     The Asserted Patents address these problems through adaptive signal-shaping techniques that improve the listener's perceived quality of experience in the presence of ambient noise.

34.     The Asserted Patents also address the conventional tradeoff between latency and error concealment by dynamically delaying the decoding process when wireless link quality deteriorates so that additional speech packets can be received and used to improve the reconstructed speech and by reducing decoding delay when link quality improves.

<u>**ACCUSED FUNCTIONALITIES**</u>

35.     Samsung implements various audio-related features across its products, including, without limitation, smartphones, earbuds, smart TVs, and soundbars. The features accused of infringing one or more of the Asserted Patents include, without limitation: Active Voice Amplifier

(AVA), Active Voice Amplifier Pro (AVA Pro), AI Sound Pro, Voice Focus, Mic Mode, Noise Reduction, Adaptive Sound, Adaptive ANC, Adaptive EQ, Adaptive Noise Control, Super Clear Call, SpaceFit Sound Pro, the Enhanced Voice Services (EVS) codec including Channel Aware Mode, and on-device deep neural network speech enhancement.

## COUNT I
## DIRECT INFRINGEMENT OF THE '766 PATENT

36. QoSound realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

37. The '766 Patent generally describes a computer program product for adaptive audio signal shaping that improves the playback quality of speech and audio signals on devices operating in noisy environments.

38. The claims of the '766 Patent are directed to patent-eligible subject matter under 35 U.S.C. § 101. The claims are not directed to an abstract idea; rather, the '766 Patent claims a non-transitory computer-readable medium storing specific program code that, when executed by a processor, causes the processor to carry out a defined sequence of signal-processing operations. The claimed program logic recites particular types of instructions organized in a specific algorithmic architecture that, taken together, implement a concrete technological improvement to audio playback systems. Even if the claims were characterized as directed to an abstract idea, they recite an inventive concept. The specific combination of code components was not well-understood, routine, or conventional at the time of the invention. The claims do not preempt the field of audio signal processing but are instead limited to a specific, technologically defined computer program product that yields a concrete improvement in perceived audio quality.

39. QoSound is the owner of the '766 Patent and has the sole and exclusive right to enforce the '766 Patent and to recover damages for past and ongoing infringement.

9

40.     Samsung has infringed and continues to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '766 Patent in violation of 35 U.S.C. § 271(a) in this District and elsewhere in the United States. The "'766 Patent Accused Products" include, without limitation, Samsung Smart TVs implementing Active Voice Amplifier (AVA) or Active Voice Amplifier Pro (AVA Pro) (e.g., QLED (Q70 series and above), Neo QLED (QN85 and above), OLED (S90C and above), and The Frame (LS03D and above), model years 2020 through 2025); Samsung Galaxy S24 and S25 series smartphones running receive-path noise-reduction functionality during voice calls (e.g., Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra); and Samsung Q-Series soundbars implementing Active Voice Amplifier, Adaptive Sound, or SpaceFit Sound Pro (e.g., HW-Q930D, HW-Q800D, HW-Q990D, and HW-Q990F). On information and belief, Samsung manufactures, uses, sells, and/or offers to sell in the United States, and/or imports into the United States, the '766 Patent Accused Products.

41.     By way of non-limiting example set forth below, Samsung's Smart TVs implementing Active Voice Amplifier or Active Voice Amplifier Pro infringe at least Claim 1 of the '766 Patent. The description is based on publicly available information. QoSound reserves the right to modify this description, including, for example, information about the '766 Accused Products that it obtains during discovery.

42.     Claim 1 of the '766 Patent recites:

***A non-transitory computer program product comprising a computer useable medium having computer program logic stored therein, said computer program logic for enabling a computer processing device to improve the quality of a far end audio signal for playback on a device in a noisy environment, said device having a speaker and a single microphone, said computer program product comprising:***

> ***code for continuously monitoring a near-end noise audio signal through the single microphone;***

*code for continuously determining near-end noise characteristics from said near-end noise audio signal;*

*code for comparing said near-end noise characteristics from previous near-end noise characteristics to detect a change in said near-end noise audio signal;*

*upon detecting a change, code for identifying an optimal signal shaping filter based on said near-end noise characteristics;*

*code for applying said optimal signal shaping filter to the far-end audio signal to produce an optimized far-end audio signal; and*

*code for outputting said optimized far-end audio signal to the speaker*.

43.    On information and belief, Samsung's Smart TVs implementing Active Voice Amplifier (AVA) or Active Voice Amplifier Pro (AVA Pro) — including, by way of non-limiting example, QLED (e.g., Q70 series and above), Neo QLED (e.g., QN85 and above), OLED (e.g., S90C and above), and The Frame (e.g., LS03D and above), model years 2020 through 2025— satisfy each and every limitation of at least Claim 1 of the '766 Patent, literally and/or under the doctrine of equivalents. By way of non-limiting illustration, when configured to use the TV speaker with the built-in microphone enabled, Samsung's Smart TVs practice the accused AVA and AVA Pro features, which use a single, built-in, on-device microphone to continuously monitor the near-end noise audio signal in the viewing environment, continuously determine near-end noise characteristics from that signal, compare those characteristics against previously determined near-end noise characteristics to detect a change in the near-end noise audio signal, and — upon detecting a change — identify an optimal signal-shaping filter based on the current near-end noise characteristics, apply that filter to the incoming far-end audio signal to produce an optimized far-end audio signal, and output the optimized far-end audio signal through the television's speaker. The accused AVA and AVA Pro functionality is implemented by computer program logic stored on a non-transitory computer-readable storage medium of the television.

11

44. Samsung directly performs and uses the program logic recited in the foregoing limitations within the United States, including, on information and belief, through Samsung's and Samsung America's testing, demonstration, evaluation, marketing, and quality-assurance activities involving the '766 Patent Accused Products — including, by way of non-limiting example, Samsung Smart TVs (e.g., QLED (Q70+), Neo QLED (QN85+), OLED (S90C+), and The Frame (LS03D+), model years 2020 through 2025), Samsung Galaxy S24 and S25 series smartphones (e.g., Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra), and Samsung Q-Series soundbars (e.g., HW-Q930D, HW-Q800D, HW-Q990D, and HW-Q990F) — at Samsung's Plano, Texas facilities, Experience Stores, retail demonstrations, and engineering laboratories.

45. By engaging in the conduct described herein, Samsung has caused injury to QoSound, and QoSound has been damaged and continues to be damaged as a result thereof and Samsung is thus liable to QoSound for infringement of the '766 Patent, pursuant to 35 U.S.C. § 271.

46. QoSound has suffered and continues to suffer monetary damages as a result of Samsung's infringement of the '766 Patent and is entitled to a monetary judgment in an amount adequate to compensate QoSound for Samsung's infringement pursuant to 35 U.S.C. § 284, but in no event less than a reasonable royalty, together with interest and costs.

47. Unless Samsung is enjoined by this Court, QoSound will suffer irreparable harm for which there is no adequate remedy at law. Samsung's continued infringement deprives QoSound of its constitutionally grounded right to exclude others from practicing the inventions claimed in the '766 Patent, causing ongoing injury that monetary damages alone cannot fully compensate. Among other things, Samsung's infringement undermines QoSound's ability to control the terms and scope of licenses to its patented technology, diminishes the value of the '766

12

Patent as a unique and difficult-to-value asset, and enables Samsung to benefit from QoSound's innovations without authorization. QoSound is therefore entitled to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

48.    Samsung will have had actual knowledge of the '766 Patent and its infringement at least as of the date of service of this Complaint, and on information and belief, had pre-suit knowledge of the '766 Patent through, among other things, its monitoring of the QoSound patent portfolio, prior dealings, and citation of QoSound-family patents during prosecution of Samsung's own audio-processing patents. Samsung's U.S. Patent No. 11,418,877, titled "Electronic Apparatus and Controlling Method Thereof," filed on November 3, 2020 and granted on August 16, 2022 cites the '766 Patent as prior art. Additionally, during prosecution of Samsung's European Patent No. EP 3,457,402, titled "Noise-Adaptive Voice Signal Processing Method and Terminal Device Employing Said Method," filed on June 26, 2017 and granted on September 15, 2021, the examiner cited prior art within the patent family that includes the '766 Patent. The examiner's reliance on this patent family as prior art during the examination of Samsung's patent further demonstrates the relevance and materiality of the technology disclosed in the '766 Patent and its related family members to Samsung's own patented innovations in the field of noise-adaptive voice signal processing. In addition, on information and belief, Samsung acquired Harman International Industries, Inc. ("Harman") in 2017, and Harman's subsidiary Harman Kardon had a prior business relationship with QoSound, Inc. (QoSound's predecessor-in-interest and the original assignee of the Asserted Patents) relating to the audio signal processing technologies at issue in this case, thereby providing Samsung with additional knowledge of and access to QoSound's patented technology. To the extent Samsung continues to make, use, sell, offer to sell, or import the '766 Patent Accused Products after such notice, Samsung's continued infringement is willful and

13

deliberate, entitling QoSound to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

49.    Samsung has also induced infringement of one or more claims of the '766 Patent in violation of 35 U.S.C. § 271(b) by, among other things, actively marketing, advertising, distributing, instructing, training, and supporting end users, retailers, and channel partners in the use of the '766 Patent Accused Products in an infringing manner, including through user manuals, online help pages, in-store demonstrations, and promotional materials describing the operation of the accused Active Voice Amplifier, Active Voice Amplifier Pro, Adaptive Sound, and SpaceFit Sound Pro features. Samsung has had actual knowledge of the '766 Patent at least as of service of this Complaint and possesses the specific intent that end users and channel partners practice the inventions of the '766 Patent.

50.    Samsung has also contributed to infringement of one or more claims of the '766 Patent in violation of 35 U.S.C. § 271(c) by selling, offering to sell, and importing into the United States the '766 Patent Accused Products and components thereof, knowing the same to be especially made or especially adapted for use in an infringement of the '766 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## COUNT II
## DIRECT INFRINGEMENT OF THE '767 PATENT

51.    QoSound realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

52.    The '767 Patent generally describes a method for adaptive audio signal shaping that improves the playback quality of speech and audio signals on devices operating in noisy environments.

14

53.     The claims of the '767 Patent are directed to patent-eligible subject matter under 35 U.S.C. § 101. The claims are not directed at an abstract idea; rather, the '767 Patent claims a specific method comprising an ordered series of concrete technical steps, each of which is a defined signal-processing operation expected to be carried out by software executing on a processor. The claimed method does not merely recite a desired result; it prescribes a specific ordered sequence of technical steps that achieves improved audio playback quality through a particular technical means. Even if the claims were characterized as directed to an abstract idea, they recite an inventive concept. The specific ordered combination of method steps constitutes a particular technological solution that was not well-understood, routine, or conventional at the time of the invention. The claims do not preempt all methods of audio enhancement but are instead limited to a specific, technologically defined method that yields a tangible improvement in perceived audio quality.

54.     The claims of the '767 Patent are directed to non-abstract ideas and otherwise recite inventive concepts and technological improvements.

55.     QoSound is the owner of the '767 Patent and has the sole and exclusive right to enforce the '767 Patent and to recover damages for past and ongoing infringement.

56.     Samsung has infringed and continues to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '767 Patent in violation of 35 U.S.C. § 271(a) in this District and elsewhere in the United States. The "'767 Patent Accused Products" include, without limitation, Samsung Smart TVs implementing Active Voice Amplifier (AVA) or Active Voice Amplifier Pro through Intelligent Mode and AI Sound Pro (e.g., QLED (Q70 series and above), Neo QLED (QN85 and above), OLED (S90C and above), and The Frame (LS03D and above), model years 2020 through 2025), and Samsung Q-Series soundbars implementing Active Voice Amplifier, Adaptive Sound, and SpaceFit Sound Pro (e.g., HW-Q930D, HW-Q800D, HW-

Q990D, and HW-Q990F). On information and belief, Samsung manufactures, uses, sells, and/or offers to sell in the United States, and/or imports into the United States, the '767 Patent Accused Products.

57.    By way of non-limiting example set forth below, Samsung's Smart TVs implementing Active Voice Amplifier or Active Voice Amplifier Pro infringe at least Claim 1 of the '767 Patent. The description is based on publicly available information. QoSound reserves the right to modify this description, including, for example, information about the '767 Accused Products that it obtains during discovery.

58.    Claim 1 of the '767 Patent recites:

*A method for improving the quality of a far-end audio signal for playback on a device in a noisy environment, said device having a single speaker and a microphone, said method comprising the steps of:*

> *continuously monitoring a near-end noise audio signal through the microphone;*
>
> *continuously determining near-end noise characteristics from said near-end noise audio signal;*
>
> *comparing said near-end noise characteristics from previous near-end noise characteristics to detect a change in said near-end noise audio signal;*
>
> *upon detecting a change identifying an optimal signal shaping filter based on said near-end noise characteristics;*
>
> *applying said optimal signal shaping filter to the far-end audio signal to produce an optimized far-end audio signal;*
>
> *outputting said optimized far-end audio signal to the speaker.*

59.    On information and belief, Samsung's Smart TVs implementing Active Voice Amplifier (AVA) or Active Voice Amplifier Pro (AVA Pro) — including, by way of non-limiting example, QLED (e.g., Q70 series and above), Neo QLED (e.g., QN85 and above), OLED (e.g., S90C and above), and The Frame (e.g., LS03D and above), model years 2020 through 2025 — satisfy each and every step of at least Claim 1 of the '767 Patent, literally and/or under the doctrine

16

of equivalents. By way of non-limiting illustration, when configured to use the TV speaker with the built-in microphone enabled, Samsung's Smart TVs practice the accused AVA and AVA Pro features, which use a single, built-in, on-device microphone (rather than a manually trained or calibrated noise capture where manual methods require the user to explicitly compare the tool's readings against a known reference source or professional equipment before allowing the software to create a "gain" correction factor stored in its settings) to continuously monitor the near-end noise audio signal in the viewing environment, continuously determine the near-end noise characteristics from that signal, compare those characteristics against previously determined near-end noise characteristics to detect a change in the near-end noise audio signal, and—upon detecting a change—identify an optimal signal-shaping filter based on the current near-end noise characteristics, apply that filter to the incoming far-end audio signal to produce an optimized far-end audio signal, and output the optimized far-end audio signal through the television's singular speaker output path. On information and belief, the AVA and AVA Pro functionalities only works when the output is set to "TV Speaker" — treating the multi-driver array on the TV as one logical output path. QoSound reserves the right to amend and supplement its identification of accused products, asserted claims, and theories of infringement based on information obtained in discovery.

60.     By way of further non-limiting example, the additional '767 Patent Accused Products practice the foregoing method as follows. The accused Samsung Q-Series soundbars (HW-Q930D, HW-Q800D, HW-Q990D, and HW-Q990F) implement Active Voice Amplifier, Adaptive Sound, and SpaceFit Sound Pro through the soundbar's onboard microphone and integrated multi-channel speaker array. When enabled, the soundbar continuously monitors near-end ambient noise in the listening environment through its built-in microphone, continuously characterizes that noise, compares current noise characteristics against previously determined

17

noise characteristics to detect changes, identifies a corresponding noise-responsive signal-shaping filter, applies that filter to the incoming far-end audio signal, and outputs the resulting optimized signal through the soundbar's integrated speaker array.

61.     By engaging in the conduct described herein, Samsung has caused injury to QoSound, and QoSound has been damaged and continues to be damaged as a result thereof and Samsung is thus liable to QoSound for infringement of the '767 Patent, pursuant to 35 U.S.C. § 271.

62.     QoSound has suffered and continues to suffer monetary damages as a result of Samsung's infringement of the '767 Patent and is entitled to a monetary judgment in an amount adequate to compensate QoSound for Samsung's infringement pursuant to 35 U.S.C. § 284, but in no event less than a reasonable royalty, together with interest and costs.

63.     Unless Samsung is enjoined by this Court, QoSound will suffer irreparable harm for which there is no adequate remedy at law. Samsung's continued infringement deprives QoSound of its constitutionally grounded right to exclude others from practicing the inventions claimed in the '767 Patent, causing ongoing injury that monetary damages alone cannot fully compensate. Among other things, Samsung's infringement undermines QoSound's ability to control the terms and scope of licenses to its patented technology, diminishes the value of the '767 Patent as a unique and difficult-to-value asset, and enables Samsung to benefit from QoSound's innovations without authorization. QoSound is therefore entitled to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

64.     Samsung will have had actual knowledge of the '767 Patent and its infringement at least as of the date of service of this Complaint, and on information and belief, had pre-suit knowledge of the '767 Patent through, among other things, its monitoring of the QoSound patent

portfolio and citation of QoSound-family patents during prosecution of Samsung's own audio-processing patents. During prosecution of Samsung's European Patent No. EP 3,457,402, titled "Noise-Adaptive Voice Signal Processing Method and Terminal Device Employing Said Method," filed on June 26, 2017, and granted on September 15, 2021, the examiner cited prior art within the patent family that includes the '767 Patent. This citation by the examiner indicates that the technology disclosed in the patent family encompassing the '767 patent was considered material to the examination and assessment of patentability of Samsung's patent.

65.    In addition, on information and belief, Samsung acquired Harman in 2017, and Harman's subsidiary Harman Kardon had a prior business relationship with QoSound, Inc. (QoSound's predecessor-in-interest and the original assignee of the Asserted Patents) relating to the audio signal processing technologies at issue in this case, thereby providing Samsung with additional knowledge of and access to QoSound's patented technology. To the extent Samsung continues to make, use, sell, offer to sell, or import the '767 Patent Accused Products after such notice, Samsung's continued infringement is willful and deliberate, entitling QoSound to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

66.    Samsung has also induced infringement of one or more claims of the '767 Patent in violation of 35 U.S.C. § 271(b) by, among other things, actively marketing, advertising, distributing, instructing, training, and supporting end users, retailers, and channel partners in the use of the '767 Patent Accused Products in an infringing manner, including through user manuals, online help pages, in-store demonstrations, and promotional materials describing operation of the accused Active Voice Amplifier, AI Sound Pro, Adaptive Sound, and SpaceFit Sound Pro features. Samsung has had actual knowledge of the '767 Patent at least as of service of this Complaint and

19

possesses the specific intent that end users and channel partners practice the inventions of the '767 Patent.

67. Samsung has also contributed to infringement of one or more claims of the '767 Patent in violation of 35 U.S.C. § 271(c) by selling, offering to sell, and importing into the United States the '767 Patent Accused Products and components thereof, knowing the same to be especially made or especially adapted for use in an infringement of the '767 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**COUNT III**
**DIRECT INFRINGEMENT OF THE '333 PATENT**

68. QoSound realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

69. The '333 Patent generally describes a system for adaptive audio signal shaping that improves the playback quality of speech and audio in noisy environments.

70. The claims of the '333 Patent are directed to patent-eligible subject matter under 35 U.S.C. § 101. The claims are not directed to an abstract idea; rather, the '333 Patent claims a specific system comprising tangible hardware components interconnected in a defined architecture that enables the system to adaptively shape audio signals in response to ambient noise. The claims do not merely recite generic computer components performing conventional functions; they define a particular arrangement of physical components working together to achieve a concrete technological improvement in audio playback. Even if the claims were characterized as directed to an abstract idea, they recite an inventive concept. The specific system architecture was not well-understood, routine, or conventional at the time of the invention. The claims do not preempt all audio playback systems but are instead limited to a specific, technologically defined system that yields a tangible improvement in perceived audio quality.

71.     QoSound is the owner of the '333 Patent and has the sole and exclusive right to enforce the '333 Patent and to recover damages for past and ongoing infringement.

72.     Samsung has infringed and continues to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '333 Patent in violation of 35 U.S.C. § 271(a) in this District and elsewhere in the United States. The "'333 Patent Accused Products" include, without limitation, Samsung Galaxy S24 and S25 series smartphones running noise-responsive receive-path audio processing during voice calls (e.g., Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra); Samsung Galaxy earbuds running noise-responsive receive-path audio processing during voice calls (e.g., Galaxy Buds3 Pro and Galaxy Buds4 Pro); Samsung Q-Series soundbars implementing Active Voice Amplifier, Adaptive Sound, or SpaceFit Sound Pro (e.g., HW-Q930D, HW-Q800D, HW-Q990D, and HW-Q990F); and Samsung Smart TVs implementing Active Voice Amplifier (AVA) or Active Voice Amplifier Pro (AVA Pro) (e.g., QLED (Q70 series and above), Neo QLED (QN85 and above), OLED (S90C and above), and The Frame (LS03D and above), model years 2020 through 2025). On information and belief, Samsung manufactures, uses, sells, and/or offers to sell in the United States, and/or imports into the United States, the '333 Patent Accused Products.

73.     By way of non-limiting example set forth below, Samsung's Galaxy S24 and S25 series smartphones infringe at least Claim 1 and Claim 16 of the '333 Patent. The description is based on publicly available information. QoSound reserves the right to modify this description, including, for example, information about the '333 Accused Products that it obtains during discovery.

74.     Claim 1 of the '333 Patent recites:

> ***A mobile phone system for improving the perceived quality of a far-end speech signal for playback in a noisy environment, said system comprising:***

21

*a microphone capable of continuously monitoring near-end noise signals;*

*a characteristics module for continuously determining near-end noise characteristics from said near-end noise signals;*

*a first memory device used for storing data representing said near-end noise characteristics;*

*a comparison module for comparing said near-end noise characteristics from previous near-end noise characteristics to detect a change in said near-end noise audio signal;*

*a selection module for, upon detecting a change, identifying an optimal signal shaping filter used to optimize said far-end speech signal based only on said near-end noise characteristics;*

*a filter-shaping module for continuously applying said optimal signal shaping filter to the far-end speech signal, when said near-end noise signals are above a predetermined threshold, to produce an optimized far-end speech signal; and*

*a digital to analog converter for outputting said optimized far-end speech signal to a loudspeaker for optimized playback in a noisy environment.*

75.    On information and belief, Samsung's Galaxy S24 and S25 series smartphones — including, by way of non-limiting example, the Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra — satisfy each and every limitation of at least Claim 1 of the '333 Patent, literally and/or under the doctrine of equivalents. By way of non-limiting illustration, during voice calls the Galaxy S24 and S25 series practice the accused Voice Focus, Mic Mode, and Noise Reduction functionalities, which include: a microphone capable of continuously monitoring near-end noise signals; a characteristics module that continuously determines near-end noise characteristics from those signals; a memory device used to store data representing those near-end noise characteristics; a comparison module that compares those near-end noise characteristics against previously determined near-end noise characteristics to detect a change in the near-end noise audio signal; a selection module that, upon detecting a change, identifies an optimal signal-shaping filter used to optimize the far-end speech signal based only on the near-end noise characteristics; a filter-shaping

22

module that continuously applies that optimal signal-shaping filter to the far-end speech signal when the near-end noise signals are above a predetermined threshold to produce an optimized far-end speech signal; and a digital-to-analog converter that outputs the optimized far-end speech signal to a loudspeaker for playback.

76.     Samsung directly performs and uses the foregoing system within the United States, including, on information and belief, through Samsung's and Samsung America's testing, demonstration, configuration, evaluation, marketing, and quality-assurance activities involving the '333 Patent Accused Products — including, by way of non-limiting example, Samsung Galaxy S24 and S25 series smartphones (e.g., Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra), Samsung Galaxy earbuds (e.g., Galaxy Buds3 Pro and Galaxy Buds4 Pro), Samsung Q-Series soundbars (e.g., HW-Q930D, HW-Q800D, HW-Q990D, and HW-Q990F), and Samsung Smart TVs (e.g., QLED (Q70+), Neo QLED (QN85+), OLED (S90C+), and The Frame (LS03D+), model years 2020 through 2025) — at Samsung's Plano, Texas facilities, Experience Stores, retail demonstrations, and engineering laboratories.

77.     Claim 16 of the '333 Patent recites:

*A system for improving the perceived quality of an audio signal for playback on a digital infotainment device in a noisy environment, said system comprising:*

> *a microphone capable of continuously monitoring near end noise signals;*
>
> *a characteristics module for continuously determining near-end noise characteristics from said near-end noise signals;*
>
> *a first memory device used for storing data representing said near-end noise characteristics;*
>
> *a comparison module for comparing said near-end noise characteristics from previous near-end noise characteristics to detect a change in said near-end noise audio signal;*

*a selection module for, upon detecting a change, identifying an optimal signal shaping filter used to optimize said audio playback based on said near-end noise characteristics;*

*a filter-shaping module for continuously applying said optimal signal shaping filter to the said audio signal, when said near-end noise signals are above a predetermined threshold, to produce an optimized audio play back signal; and*

*a digital to analog converter for outputting said optimized audio playback signal to a loudspeaker for optimized playback in a noisy environment.*

78.    By way of further non-limiting example, the additional '333 Patent Accused Products practice the foregoing claim limitations as follows. The accused Samsung Galaxy earbuds (Galaxy Buds3 Pro and Galaxy Buds4 Pro) utilizes a system that include onboard microphones, a Voice Pickup Unit, and an on-earbud audio-processing pipeline that, when enabled, continuously monitors near-end ambient noise through the earbuds' microphones, continuously characterizes that noise, compares current and previously determined noise characteristics to detect changes (without manual user adjustment), and adaptively selects and continuously applies a noise-responsive signal-shaping configuration to the received far-end speech signal before outputting the optimized speech through the earbud's integrated speaker. The accused Samsung Q-Series soundbars (HW-Q930D, HW-Q800D, HW-Q990D, and HW-Q990F) implement the same system using the soundbar's onboard microphone, on-soundbar audio-processing pipeline, and integrated speaker array, applying continuous noise-responsive shaping to the far-end audio signal during playback in noisy environments. The accused Samsung Smart TVs implement the same system using the television's built-in microphone, on-TV audio-processing pipeline, and television speakers, applying continuous noise-responsive shaping to the far-end audio signal whenever the microphone is enabled and the TV-speaker output path is selected.

79.    By engaging in the conduct described herein, Samsung has caused injury to QoSound, and QoSound has been damaged and continues to be damaged as a result thereof and

24

Samsung is thus liable to QoSound for infringement of the '333 Patent, pursuant to 35 U.S.C. § 271.

80.　QoSound has suffered and continues to suffer monetary damages as a result of Samsung's infringement of the '333 Patent and is entitled to a monetary judgment in an amount adequate to compensate QoSound for Samsung's infringement pursuant to 35 U.S.C. § 284, but in no event less than a reasonable royalty, together with interest and costs.

81.　Unless Samsung is enjoined by this Court, QoSound will suffer irreparable harm for which there is no adequate remedy at law. Samsung's continued infringement deprives QoSound of its constitutionally grounded right to exclude others from practicing the inventions claimed in the '333 Patent, causing ongoing injury that monetary damages alone cannot fully compensate. Among other things, Samsung's infringement undermines QoSound's ability to control the terms and scope of licenses to its patented technology, diminishes the value of the '333 Patent as a unique and difficult-to-value asset, and enables Samsung to benefit from QoSound's innovations without authorization. QoSound is therefore entitled to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

82.　Samsung will have had actual knowledge of the '333 Patent and its infringement at least as of the date of service of this Complaint, and on information and belief, had pre-suit knowledge of the '333 Patent through, among other things, its monitoring of the QoSound patent portfolio and citation of QoSound-family patents during prosecution of Samsung's own audio-processing patents. During prosecution of Samsung's European Patent No. EP 3,457,402, titled "Noise-Adaptive Voice Signal Processing Method and Terminal Device Employing Said Method," filed on June 26, 2017, and granted on September 15, 2021, the examiner cited prior art within the patent family that includes the '333 Patent. The examiner's reliance on this patent family as prior

25

art during the examination of Samsung's patent further demonstrates the relevance and materiality of the technology disclosed in the '766 Patent and its related family members to Samsung's own patented innovations in the field of noise-adaptive voice signal processing. In addition, on information and belief, Samsung acquired Harman in 2017, and Harman's subsidiary Harman Kardon had a prior business relationship with QoSound, Inc. (QoSound's predecessor-in-interest and the original assignee of the Asserted Patents) relating to the audio signal processing technologies at issue in this case, thereby providing Samsung with additional knowledge of and access to QoSound's patented technology. To the extent Samsung continues to make, use, sell, offer to sell, or import the '333 Patent Accused Products after such notice, Samsung's continued infringement is willful and deliberate, entitling QoSound to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

83.     Samsung has also induced infringement of one or more claims of the '333 Patent in violation of 35 U.S.C. § 271(b) by, among other things, actively marketing, advertising, distributing, instructing, training, and supporting end users, retailers, and channel partners in the use of the '333 Patent Accused Products in an infringing manner, including through user manuals, online help pages, in-store demonstrations, and promotional materials describing operation of the accused Voice Focus, Mic Mode, Noise Reduction, Active Voice Amplifier, Adaptive Sound, and SpaceFit Sound Pro features. Samsung has had actual knowledge of the '333 Patent at least as of service of this Complaint and possesses the specific intent that end users and channel partners practice the inventions of the '333 Patent.

84.     Samsung has also contributed to infringement of one or more claims of the '333 Patent in violation of 35 U.S.C. § 271(c) by selling, offering to sell, and importing into the United States the '333 Patent Accused Products and components thereof, knowing the same to be

26

especially made or especially adapted for use in an infringement of the '333 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## COUNT IV
## DIRECT INFRINGEMENT OF THE '203 PATENT

85.    QoSound realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

86.    The '203 Patent generally describes systems, methods, and computer program products for improving the quality of speech reproduced in cellular voice calls subject to transmission errors and packet losses.

87.    The claims of the '203 Patent are directed to patent-eligible subject matter under 35 U.S.C. § 101. The '203 Patent includes both method claims and system claims, each of which independently satisfies the two-step inquiry. The method claims are not directed to an abstract idea; rather, they recite an ordered series of concrete technical steps, each of which is a defined signal-processing operation expected to be carried out by software executing on a processor. The claimed method prescribes a specific ordered sequence of technical steps that achieves improved speech quality through a particular technical means, rather than merely reciting a desired result. The system claims recite a specific system comprising tangible hardware components interconnected in a defined architecture that enables the system to dynamically adjust its decoding behavior in response to varying wireless link conditions. The claims do not merely recite generic computer components; they define a particular arrangement of physical components that work together to achieve a concrete improvement in speech decoding. Even if any claim were characterized as directed to an abstract idea, the claims recite an inventive concept. The specific combination of claimed elements—whether as method steps or as an integrated hardware-software system — was not well-understood, routine, or conventional at the time of the invention. The claims do not

27

preempt all error concealment or speech decoding techniques but are instead limited to specific, technologically defined methods and systems that yield a tangible improvement in voice-call quality.

88.     QoSound is the owner of the '203 Patent and has the sole and exclusive right to enforce the '203 Patent and to recover damages for past and ongoing infringement.

89.     Samsung has infringed and continues to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '203 Patent in violation of 35 U.S.C. § 271(a) in this District and elsewhere in the United States. The "'203 Patent Accused Products" include, without limitation, Samsung Galaxy S24 and S25 series smartphones using the Enhanced Voice Services (EVS) codec, including Channel Aware Mode, and adaptive jitter-buffer and packet-loss-concealment voice processing during cellular voice calls (e.g., Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra). On information and belief, Samsung manufactures, uses, sells, and/or offers to sell in the United States, and/or imports into the United States, the '203 Patent Accused Products.

90.     By way of non-limiting example set forth below, Samsung's Galaxy S24 and S25 series smartphones infringe at least Claim 1 of the '203 Patent. The description is based on publicly available information. QoSound reserves the right to modify this description, including, for example, information about the '203 Accused Products that it obtains during discovery.

91.     Claim 1 of the '203 Patent recites:

*A method for improving the quality of a voice call transmitted over a cellular network through a cellular wireless link to a communication device having a voice decoder for generating reconstructed speech, the method comprising the steps of:*

*monitoring the cellular wireless link to determine a link quality;*

*receiving a voice packet from the cellular wireless link at the decoder;*

*determining if the voice decoder is a normal speech decoder or a delayed speech decoder;*

*if the voice decoder is said delayed speech decoder and said link quality is above a predetermined threshold, dynamically decreasing the latency of the voice call to generate a low-latency voice call by adjusting the voice decoder to said normal speech decoder during silence or background noise periods, and thereafter decoding the voice packet immediately; and*

*if the voice decoder is said normal speech decoder and said link quality is below said predetermined threshold, dynamically increasing the latency of the voice call to generate a high-latency voice call by adjusting the voice decoder to said delayed speech decoder during silence or background noise periods, and thereafter delaying the decoding process to perform at least one error correcting technique using newer information contained in speech packets received after a missing frame for increasing the quality of the reconstructed speech.*

92.     On information and belief, Samsung's Galaxy S24 and S25 series smartphones — including, by way of non-limiting example, the Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra — satisfy each and every step of at least Claim 1 of the '203 Patent, literally and/or under the doctrine of equivalents. By way of non-limiting illustration, during voice calls transmitted over a cellular network, the Galaxy S24 and S25 series practice the accused implementation of the Enhanced Voice Services (EVS) codec, jitter-buffer management, and Channel Aware decoding features, which: monitor the cellular wireless link to determine a link quality; receive voice packets from the cellular wireless link at the voice decoder; determine whether the voice decoder is operating as a normal speech decoder or a delayed speech decoder; dynamically decrease the latency of the voice call by adjusting the voice decoder to the normal speech decoder during silence or background-noise periods (and thereafter decode received voice packets immediately) when link quality is above a predetermined threshold; and dynamically increase the latency of the voice call by adjusting the voice decoder to the delayed speech decoder during silence or background-noise periods (and thereafter delay the decoding process to perform at least one error-correcting technique using newer information contained in speech packets received after a missing frame) when link quality is below the predetermined threshold. QoSound's pre-suit investigation, including a limitation-by-limitation infringement analysis based on publicly available technical

documentation, marketing materials, standards specifications, and product testing, supports these allegations. QoSound will serve detailed infringement contentions in accordance with the Court's Local Patent Rules and reserves the right to amend and supplement its identification of accused products, asserted claims, and theories of infringement based on information obtained in discovery.

93.     Samsung directly performs and uses the steps of the foregoing method within the United States, including, on information and belief, through Samsung's and Samsung America's carrier-network and laboratory testing, demonstration, evaluation, certification, marketing, and quality-assurance activities involving the '203 Patent Accused Products — including, by way of non-limiting example, Samsung Galaxy S24 and S25 series smartphones (e.g., Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra) on U.S. cellular networks.

94.     By engaging in the conduct described herein, Samsung has caused injury to QoSound, and QoSound has been damaged and continues to be damaged as a result thereof and Samsung is thus liable to QoSound for infringement of the '203 Patent, pursuant to 35 U.S.C. § 271.

95.     QoSound has suffered and continues to suffer monetary damages as a result of Samsung's infringement of the '203 Patent and is entitled to a monetary judgment in an amount adequate to compensate QoSound for Samsung's infringement pursuant to 35 U.S.C. § 284, but in no event less than a reasonable royalty, together with interest and costs.

96.     83.     Unless Samsung is enjoined by this Court, QoSound will suffer irreparable harm for which there is no adequate remedy at law. Samsung's continued infringement deprives QoSound of its constitutionally grounded right to exclude others from practicing the inventions claimed in the '203 Patent, causing ongoing injury that monetary damages alone cannot fully compensate. Among other things, Samsung's infringement undermines QoSound's ability to

30

control the terms and scope of licenses to its patented technology, diminishes the value of the '203 Patent as a unique and difficult-to-value asset, and enables Samsung to benefit from QoSound's innovations without authorization. QoSound is therefore entitled to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

97.    Samsung will have had actual knowledge of the '203 Patent and its infringement at least as of the date of service of this Complaint, and on information and belief, had pre-suit knowledge of the '203 Patent through, among other things, its monitoring of the QoSound patent portfolio and its participation in the 3GPP standards-setting process in which QoSound's technology and patents were known. In addition, on information and belief, Samsung acquired Harman in 2017, and Harman's subsidiary Harman Kardon had a prior business relationship with QoSound, Inc. (QoSound's predecessor-in-interest and the original assignee of the Asserted Patents) relating to the audio signal processing technologies at issue in this case, thereby providing Samsung with additional knowledge of and access to QoSound's patented technology. To the extent Samsung continues to make, use, sell, offer to sell, or import the '203 Patent Accused Products after such notice, Samsung's continued infringement is willful and deliberate, entitling QoSound to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

98.    Samsung has also induced infringement of one or more claims of the '203 Patent in violation of 35 U.S.C. § 271(b) by, among other things, actively marketing, advertising, distributing, instructing, training, and supporting end users, carriers, and channel partners in the use of the '203 Patent Accused Products in an infringing manner during cellular voice calls, including through user manuals, online help pages, carrier-certification materials, and promotional materials describing operation of the EVS codec, Channel Aware Mode, jitter-buffer management,

and Super Clear Call features. Samsung has had actual knowledge of the '203 Patent at least as of service of this Complaint and possesses the specific intent that end users and carriers practice the inventions of the '203 Patent.

99.     Samsung has also contributed to infringement of one or more claims of the '203 Patent in violation of 35 U.S.C. § 271(c) by selling, offering to sell, and importing into the United States the '203 Patent Accused Products and components thereof, knowing the same to be especially made or especially adapted for use in an infringement of the '203 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## COUNT V
## DIRECT INFRINGEMENT OF THE '791 PATENT

100.    QoSound realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

101.    The '791 Patent generally describes systems, methods, and computer program products for noise suppression in audio and speech signals.

102.    The claims of the '791 Patent are directed to patent-eligible subject matter under 35 U.S.C. § 101. The '791 Patent includes method claims, apparatus claims, and non-transitory computer program product claims, each of which independently satisfies the two-step inquiry. The method claims are not directed to an abstract idea; rather, they recite an ordered series of concrete technical steps, each of which is a defined signal-processing operation expected to be carried out by software executing on a processor. The claimed method prescribes a specific ordered sequence of technical steps rather than merely reciting a desired result. The apparatus claims recite a specific apparatus comprising tangible hardware components interconnected in a defined architecture that enables the apparatus to perform time-domain noise suppression. The claims do not merely recite generic computing hardware; they define a particular arrangement of physical components

32

configured to work together to suppress noise in real time. The non-transitory computer program product claims recite a computer-readable medium storing specific program code that, when executed by a processor, causes the processor to carry out a defined sequence of noise-suppression operations. The claimed program logic recites particular types of instructions implementing a specific algorithmic architecture, not generic code that merely automates an abstract concept. Even if any claim were characterized as directed to an abstract idea, the claims recite an inventive concept. The specific combination of claimed elements—whether as method steps, as an integrated hardware apparatus, or as specific program code stored on a non-transitory medium — was not well-understood, routine, or conventional at the time of the invention. The claims do not preempt all noise suppression but are instead limited to specific, technologically defined methods, apparatus, and computer program products that yield a tangible improvement in speech clarity.

103.    QoSound is the owner of the '791 Patent and has the sole and exclusive right to enforce the '791 Patent and to recover damages for past and ongoing infringement.

104.    Samsung has infringed and continues to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '791 Patent in violation of 35 U.S.C. § 271(a) in this District and elsewhere in the United States. The "'791 Patent Accused Products" include, without limitation, Samsung Galaxy S24 and S25 series smartphones running receive-path noise-suppression functionality during voice calls (e.g., Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra), and Samsung Galaxy earbuds running on-earbud speech-enhancement functionality during voice calls (e.g., Galaxy Buds3 Pro and Galaxy Buds4 Pro). On information and belief, Samsung manufactures, uses, sells, and/or offers to sell in the United States, and/or imports into the United States, the '791 Patent Accused Products.

105.    By way of non-limiting example set forth below, the Galaxy S25 series smartphone infringes at least Claim 2 of the '791 Patent. The description is based on publicly available information. QoSound reserves the right to modify this description, including, for example, information about the '791 Accused Products that it obtains during discovery.

106.    Claim 2 of the '791 Patent recites:

*A non-transitory computer program product comprising a non-transitory computer useable medium having computer program logic stored therein, said computer program logic for enabling a computer processing device to improve the quality of a voice call over a communication link using a communication device, the communication device having a down-link receiver for receiving a far-end voice signal and a far-end noise signal, the computer program product comprising:*

>   *code for monitoring the noise signal to determine a noise level of a sample of the noise signal in a time domain;*
>
>   *code for monitoring the voice signal to determine a signal level of said sample of the voice signal in said time domain;*
>
>   *code for comparing said noise level to said signal level in said time domain to calculate a difference;*
>
>   *code for assigning a noise confidence parameter, wherein said noise confidence parameter is low when said difference is high and said noise confidence parameter is high when said difference is low;*
>
>   *code for calculating a gain factor, wherein said gain factor is close to 0 when said noise confidence parameter is above a first predetermined threshold and said gain factor is close to 1 when said noise confidence parameter is below a second predetermined threshold and said gain factor increases between 0 and 1 as said noise confidence parameter decreases between said first and second predetermined thresholds; and*
>
>   *code for applying said gain factor to said voice signal to produce an enhanced speech signal; and*
>
>   *code for outputting said enhanced speech signal.*

107.    On information and belief, Samsung's Galaxy S24 and S25 series smartphones — including, by way of non-limiting example, the Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra — satisfy each and every limitation of at least Claim 2 of the '791 Patent, literally and/or

34

under the doctrine of equivalents. By way of non-limiting illustration, during voice calls placed over a communication link providing the device with a far-end voice signal and a far-end noise signal, the Galaxy S24 and S25 series practice the accused receive-path noise-suppression functionality, in which firmware and software stored on a non-transitory computer-readable medium of the device cause the device's processor to monitor the noise signal and the voice signal in the time domain, compare them in the time domain to derive a measure of relative speech-versus-noise content, calculate a corresponding gain factor, apply that gain factor to the voice signal to produce an enhanced speech signal, and output the enhanced speech signal to the user.

108.    Samsung directly performs and uses the program logic recited in the foregoing limitations within the United States, including, on information and belief, through Samsung's and Samsung America's testing, demonstration, evaluation, marketing, and quality-assurance activities involving the '791 Patent Accused Products — including, by way of non-limiting example, Samsung Galaxy S24 and S25 series smartphones (e.g., Galaxy S24, S24+, S24 Ultra, S25, S25+, and S25 Ultra) and Samsung Galaxy earbuds (e.g., Galaxy Buds3 Pro and Galaxy Buds4 Pro) — at Samsung's Plano, Texas facilities, Experience Stores, retail demonstrations, and engineering laboratories.

109.    By way of further non-limiting example, the additional '791 Patent Accused Products practice the foregoing claim limitations as follows. The accused Samsung Galaxy earbuds (Galaxy Buds3 Pro and Galaxy Buds4 Pro) include firmware stored on non-transitory computer-readable storage media within each earbud that, during voice calls conducted over the earbud's Bluetooth voice link, monitors the received noise signal and voice signal in the time domain, compares them in the time domain to derive a measure of relative speech-versus-noise content, calculates a corresponding gain factor, applies that gain factor to the voice signal to produce an

enhanced speech signal, and outputs the enhanced speech signal to the user through the earbud's integrated speaker.

110. By engaging in the conduct described herein, Samsung has caused injury to QoSound, and QoSound has been damaged and continues to be damaged as a result thereof and Samsung is thus liable to QoSound for infringement of the '791 Patent, pursuant to 35 U.S.C. § 271.

111. QoSound has suffered and continues to suffer monetary damages as a result of Samsung's infringement of the '791 Patent and is entitled to a monetary judgment in an amount adequate to compensate QoSound for Samsung's infringement pursuant to 35 U.S.C. § 284, but in no event less than a reasonable royalty, together with interest and costs.

112. Unless Samsung is enjoined by this Court, QoSound will suffer irreparable harm for which there is no adequate remedy at law. Samsung's continued infringement deprives QoSound of its constitutionally grounded right to exclude others from practicing the inventions claimed in the '791 Patent, causing ongoing injury that monetary damages alone cannot fully compensate. Among other things, Samsung's infringement undermines QoSound's ability to control the terms and scope of licenses to its patented technology, diminishes the value of the '791 Patent as a unique and difficult-to-value asset, and enables Samsung to benefit from QoSound's innovations without authorization. QoSound is therefore entitled to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

113. Samsung will have had actual knowledge of the '791 Patent and its infringement at least as of the date of service of this Complaint, and on information and belief, had pre-suit knowledge of the '791 Patent through, among other things, its monitoring of the QoSound patent portfolio and citation of QoSound-family patents during prosecution of Samsung's own audio-

processing patents. In addition, on information and belief, Samsung acquired Harman in 2017, and Harman's subsidiary Harman Kardon had a prior business relationship with QoSound, Inc. (QoSound's predecessor-in-interest and the original assignee of the Asserted Patents) relating to the audio signal processing technologies at issue in this case, thereby providing Samsung with additional knowledge of and access to QoSound's patented technology. To the extent Samsung continues to make, use, sell, offer to sell, or import the '791 Patent Accused Products after such notice, Samsung's continued infringement is willful and deliberate, entitling QoSound to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

114. Samsung has also induced infringement of one or more claims of the '791 Patent in violation of 35 U.S.C. § 271(b) by, among other things, actively marketing, advertising, distributing, instructing, training, and supporting end users, retailers, and channel partners in the use of the '791 Patent Accused Products in an infringing manner, including through user manuals, online help pages, in-store demonstrations, and promotional materials describing operation of the accused receive-path noise-suppression and on-earbud speech-enhancement functionalities. Samsung has had actual knowledge of the '791 Patent at least as of service of this Complaint and possesses the specific intent that end users and channel partners practice the inventions of the '791 Patent.

115. Samsung has also contributed to infringement of one or more claims of the '791 Patent in violation of 35 U.S.C. § 271(c) by selling, offering to sell, and importing into the United States the '791 Patent Accused Products and components thereof, knowing the same to be especially made or especially adapted for use in an infringement of the '791 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## DEMAND FOR JURY TRIAL

116.    According to Fed. R. Civ. P. 38(b), Plaintiff respectfully requests a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, QoSound prays for the following relief:

a.      that this Court declare that Samsung has directly infringed and continues to directly infringe one or more claims of the Asserted Patents under 35 U.S.C. § 271;

b.      that this Court declare that Samsung has indirectly infringed and continues to indirectly infringe one or more claims of the Asserted Patents under 35 U.S.C. § 271;

c.      that this Court adjudges a preliminary and permanent injunction prohibiting Samsung from further acts of infringement;

d.      that this Court award QoSound all damages adequate to compensate for Samsung's infringement, including, where appropriate, enhanced damages of up to three times the amount found or assessed by the Court pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest and costs;

e.      that this Court award damages for future infringement up to the expiry of the Asserted Patents;

f.      that this Court award pre- and post-judgment interest on such damages to QoSound;

g.      that this Court declare this an exceptional case and order Samsung to pay QoSound its reasonable attorneys' fees and costs according to 35 U.S.C. § 285; and

h.      that this Court award an ongoing royalty and supplemental damages to compensate QoSound for any continuing infringement by Samsung not otherwise included in the jury's verdict;

38

i.      that this Court award any additional relief to QoSound that this Court deems just

and proper.


Dated: May 11, 2026


Respectfully Submitted,


/s/Mark D. Siegmund
Mark Siegmund
TX Bar No. 24117055
msiegmund@cjsjlaw.com
Shuya "Grace" Yang
TX Bar No. 24144144
gyang@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND
JAMES PC**
7901 Fish Pond Road, 2nd Floor
Waco, TX 76710
Phone: 254.732.2242
Fax: 866.627.3509

Greg Love
TX Bar No. 24013060
glove@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND
JAMES PC**
104 E. Houston St., Suite 115
Marshall, TX 75670
Phone: 254.732.2242
Fax: 866.627.3509

Ryan Loveless
TX Bar No. 24036997
rloveless@cjsjlaw.com
William Ellerman
TX Bar No. 24007151
wellerman@cjsjlaw.com
Brett Mangrum
TX Bar No. 24065671
Bmangrum@cjsjlaw.com
Alejandro Echeverria
CA Bar No. 355375
aecheverria@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND
JAMES PC**
8140 Walnut Hill Ln., Suite 105
Dallas, TX 75231
Phone: 254.732.2242
Fax: 866.627.3509


*__Attorneys for Plaintiff QoSound IP Innovations, LLC__*